EVANS *et al.*, Respondents, v. POND, Appellant.

1. A cause was set for trial on the 6th of May, 1858; on the 5th of May the defendant issued subpœnas for witnesses; these subpœnas were returned by the sheriff "not found;" on the 6th the case was called for trial, but was not tried; on the 7th it was again called, whereupon the defendant filed a motion for a continuance on the ground of the absence of material witnesses, accompanying said motion with an affidavit in which he set forth that when he discovered on the 6th day of May that the subpœnas had been returned "not found," he searched for said witnesses and used his best endeavors to find them and procure their attendance. The court overruled the motion. *Held*, that the motion was properly overruled.

*Appeal from St. Louis Circuit Court.*

*Krum & Harding*, for appellant.

I. The court improperly overruled the motion. It appeared from the affidavit that the absent witnesses resided in the city of St. Louis, and the subpœna shows that the sheriff had ample time to search for them. He returned them "not found." The inference from the return is that the sheriff knew where to find said witnesses ordinarily; that he searched diligently for them, and that they were not in reach of process. Defendant used his own personal exertions to discover them, and bring them into court. Due diligence was used. The refusal to grant a continuance when good ground therefor is shown is error. (6 Mo. 444.) A palpable case of diligence must, it is true, be shown. (8 Mo. 606.) In this city, one day has, until recently, always been considered sufficient time for service of a subpœna upon a resident witness. Two days' time is now sufficient. Here we show the sheriff's efforts one day, and the defendant's on the next.

*Lackland, Cline* and *Jamison*, for respondents.

1. The defendant did not use due and proper diligence in obtaining the attendance of witnesses. The granting of the continuance upon the application was discretionary. This court will not interfere, unless there is an abuse of a sound discretion. (See 8 Mo. 606, 334; 18 Mo. 477, 47, 445; 21 Mo. 423; 1 Mo. 780; 3 Mo. 123.)

EWING, Judge, delivered the opinion of the court.

The only question in the case is the ruling of the circuit court, in refusing a continuance.

It appears from the record that the cause was set for trial on the 6th of May, 1858; (the suit being on a promissory note;) that it was called for trial on that day, but not tried; was again called on the 7th; whereupon the appellant filed his motion, with an affidavit, for a continuance on account of the absence of certain witnesses, which was overruled. The affidavit alleges that, after the cause was set for trial and in ample time before the day of the trial, the affiant caused subpœnas for said witnesses to be issued and placed in the hands of the sheriff; that the sheriff returned said subpœnas "not found;" and that as soon as the affiant discovered this fact, which was not until the 6th day of May, 1858, he searched for said witnesses, and had used his best endeavors to find them and procure their attendance. The bill of exceptions shows that the subpœna for the witnesses, on account of whose absence the application for a continuance was made, did not issue until the 5th of May, only one day before the cause was set for trial; and this was the first time any steps were taken to procure the attendance of the absent witnesses. We think the application fails to disclose any sufficient grounds for a continuance, and that it was properly refused.

Judgment affirmed. Judge Scott concurs. Judge Napton absent.